INHABITANTS OF WEST NEWBURY *vs.* SAMUEL S. CHASE.

A town, aggrieved by the assessment by the county commissioners of damages sustained by the taking of land by said commissioners for a town way, may have the amount of the damages determined by a jury, under Rev. Sts. *c.* 24, § 76.

On the hearing before a jury of a petition for the assessment of damages sustained by the taking of land for a way, a farmer, who has bought and sold other land, may be asked his opinion of the value of the land before and after the location of the way.

PETITION of the town of West Newbury to the county commissioners for a jury to revise the assessment by said commissioners of the damages sustained by Chase by the laying out of a town way by said commissioners over his land.

At the trial, the sheriff, against the objection of the respondent, allowed each of several witnesses for the petitioners to be asked what was now the value of said land by the acre ; what was the value of the land before the way was located; and what, in his opinion, was the value of the land after the location of the way. Each witness " was shown to be an expert only in this; that he was a farmer, and had bought and sold land." The sheriff certified this ruling to the court of common pleas, who accepted the verdict, and the respondent appealed.

*O. P. Lord,* for the respondent. 1. The town cannot have a jury to re-assess damages for a town way any more than the county for a county way. Theoretically, the assessment is the town's act; and the county commissioners simply exercise the powers of selectmen, on the unreasonable refusal of those officers to act. The right is not expressly given to the town by statute; and, although assumed by the court in some cases, has never been raised nor decided. Rev. Sts. *c.* 24, §§ 71, 76.

2. The questions to the witnesses were incompetent, because they called for the opinion of witnesses upon the precise questions upon which the jury were to pass.

*G. Haskell,* for the petitioners.

DEWEY, J. 1. We have no doubt as to the right of the town to have a jury summoned to revise the doings of the county com-

missioners in assessing damages for land taken for a town way located by the county commissioners under the provisions of the statute. *Baker* v. *Thayer*, 3 Met. 312. *Lanesborough* v. *County Commissioners*, 22 Pick. 278.

2. The questions put to the witnesses, as to the value of the land of Chase, were well authorized by the previous decisions of this court. *Shaw* v. *Charlestown*, 2 Gray, 107. *Wyman* v *Lexington & West Cambridge Railroad*, 13 Met. 326.

*Judgment affirmed.*